**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, as TRUSTEE of ARLP TRUST 3, | Case No.: 2:16-cv-00684-GMN-CWH |
| Plaintiff, | **ORDER** |
| vs. | |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | |
| Defendants. | |

Pending before the Court are the cross Motions for Summary Judgment, (ECF Nos. 66, 67), filed by Plaintiff Christiana Trust ("Plaintiff") and Defendant SFR Investments Pool 1, LLC ("SFR"). Defendants Preserve Homeowners Association ("HOA") and SFR (collectively "Defendants") filed Reponses to Plaintiff's Motion, (ECF Nos. 73, 74), to which Plaintiff filed Replies, (ECF Nos. 80, 81). As to SFR's Motion for Summary Judgment, Plaintiff filed a Response, (ECF No. 76), and SFR filed a Reply, (ECF No. 82).

Also pending before the Court is HOA's Motion for Summary Judgment, (ECF No. 68), to which Plaintiff filed a Response, (ECF No. 77), and HOA did not file a reply.

For the reasons discussed below, Plaintiff's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**, HOA's Motion is **GRANTED in part** and **DENIED in part**, and SFR's Motion for Summary Judgment is **DENIED**.

## I.    BACKGROUND

This case arises from the non-judicial foreclosure on real property located at 479 North Sand Crane Circle, Sparks, Nevada 89436 (the "Property"). (*See* Am. Compl. ¶ 1, ECF No. 13). Robert Salvador ("Borrower") purchased the Property by way of a loan in the amount of $263,112.00 secured by a deed of trust ("DOT") recorded on March 2, 2006. (*See* Deed of

Trust, Ex. 2 to Pl.'s Mot. Summ. J. ("Pl.'s MSJ"), ECF No. 66-2). Plaintiff became beneficiary under the DOT on April 15, 2014, following a series of assignments. (*See* Deed of Trust Assignments, Exs. 3–5 to Pl.'s MSJ, ECF Nos. 66-3, 66-4, 66-5).

Upon Borrower's failure to pay all amounts due, HOA, through its agent Alessi & Koenig, LLC ("A&K"), initiated foreclosure proceedings against the Property by recording a notice of delinquent assessment lien on July 30, 2012. (*See* Notice of Lien, Ex. 7 to Pl.'s MSJ, ECF No. 66-7). On December 18, 2012, A&K recorded a notice of default and election to sell, and a subsequent notice of trustee's sale on July 12, 2013. (*See* Notice of Default, Ex. 11 to Pl.'s MSJ, ECF No. 66-11); (Notice of Sale, Ex. 12 to Pl.'s MSJ, ECF No. 66-12). The foreclosure sale occurred on October 24, 2013, at which SFR acquired the Property for $8,300.00, and recorded its interest in the same on October 31, 2013. (*See* Trustee's Deed Upon Sale, Ex. 8 to Pl's Mot. Partial Summ. J., ECF No. 59-8).

On July 26, 2016, Plaintiff filed its Amended Complaint asserting the following causes of action arising from the foreclosure and subsequent sale of the Property: (1) quiet title; (2) injunctive relief; (3) unjust enrichment; (4) equitable subrogation; (5) wrongful foreclosure; (6) negligence; (7) negligence per se; (8) breach of contract; (9) misrepresentation; and (10) tortious interference with contract. (*See* Am. Compl. ¶¶ 76–169). SFR subsequently filed an Answer asserting the following counterclaims against Plaintiff: (1) quiet tile; (2) injunctive relief; and (3) slander of title. (*See* Answer 20:3–22:9, ECF No. 20).

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is

sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

## III. <u>DISCUSSION</u>

Plaintiff moves for summary judgment on its quiet title claim against SFR and wrongful foreclosure claim against HOA on the basis that the foreclosure did not comply with NRS Chapter 116, the Property sold for a grossly inadequate price, and the foreclosure process was otherwise tainted by fraud, oppression, and unfairness. (Pl's MSJ 7:18–13:28, ECF No. 66). SFR seeks summary judgment on its completing claim for quiet title asserting that the HOA foreclosure complied with the statutory requirements, the sale validly extinguished Plaintiff's DOT, and Plaintiff is not entitled to an equitable remedy or a right of redemption. (SFR's Mot. Summ. J. ("SFR's MSJ") 8:16–13:13, ECF No. 67). HOA moves for summary judgment on Plaintiff's wrongful foreclosure claim arguing that it complied with NRS Chapter 116 as it existed at the relevant time and there is no evidence establishing fraud, oppression, or unfairness in the foreclosure or sale. (HOA's Mot. Summ. J. ("HOA's MSJ") 9:18–10:9, ECF No. 68).

Prior to addressing the substance of these arguments, the Court first turns to the parties' dispute as to whether the Court is bound by the Ninth Circuit's holding in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017).

**A. Constitutionality of the Foreclosure**

In the Court's prior Order on Plaintiff's motion for partial summary judgment, the Court rejected Plaintiff's argument that *Bourne Valley* compels a finding that Plaintiff's DOT survived the foreclosure sale. (*See* Order 4:21–7:6, ECF No. 99). In *Bourne Valley*, the Ninth Circuit held that NRS 116.3116's notice provisions violated lenders' due process rights because the scheme "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Bourne Valley*, 832 F.3d at 1159. The Ninth Circuit, interpreting Nevada law, declined to adopt the petitioner's construction that NRS 107.090, read into NRS 116.31168(1), mandates that HOAs provide notice to lenders even absent a request. *Id.* According to the *Bourne Valley* Court, the absence of mandatory notice provisions rendered the scheme facially unconstitutional. *Id.* at 1158–60.

*Bourne Valley*'s construction of Nevada law, upon which it based its holding of unconstitutionality, is "only binding in the absence of any subsequent indication from the [Nevada] courts that [the Ninth Circuit's] interpretation was incorrect." *Owen v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983). "[W]here the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, [a court] should consider itself bound by the later controlling authority. . . ." *Miller v. Gammie*, 335 F.3d 889, 892–893 (9th Cir. 2003). "[A] [s]tate's highest court is the final judicial arbiter of the meaning of state statutes." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (citing *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975)); *see also Knapp v.*

*Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982) ("State courts have the final authority to interpret, and, where they see fit, to reinterpret the states' legislation.").

In *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, the Nevada Supreme Court explicitly declined to follow *Bourne Valley* and held that NRS 107.090 is incorporated into NRS 116.31168, thus requiring that HOAs "provide foreclosure notices to all holders of subordinate interests, even when such persons or entities did not request notice." 422 P.3d 1248, 1253 (Nev. 2018). As this Court previously explained, the Nevada Supreme Court's holding is clearly irreconcilable with the Ninth Circuit's prior interpretation because the Ninth Circuit, construing Nevada law, found that NRS Chapter 116 contained no mandatory notice provisions to cure the scheme's facial unconstitutionality. (*See* Order 6:24–7:3, ECF No. 99). Because the Nevada Supreme Court has since rejected the Ninth Circuit's interpretation of Nevada law, the rationale underlying the *Bourne Valley* decision no longer finds support under Nevada law. *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 979 (9th Cir. 2013) (recognizing that cases are "clearly irreconcilable" where the "relevant court of last resort . . . undercut[s] the theory or reasoning underlying the prior circuit precedent."); *see e.g.*, *Toghill v. Clarke*, 877 F.3d 547, 556–60 (4th Cir. 2017) (holding that the Fourth Circuit was bound by the Supreme Court of Virginia's limiting construction of a statute previously found to be facially unconstitutional by a federal court).

In sum, because a state's high court has final say on state law interpretation, and given that the Nevada Supreme Court's interpretation of NRS 116.31168's notice provisions is clearly irreconcilable with the Ninth Circuit's prior interpretation, *Bourne Valley* is no longer controlling authority with respect to NRS 116.3116's notice provisions and, consequently, its finding of facial unconstitutionality. (*See* Order 6:7–7:6, ECF No. 99). Accordingly, to the extent Plaintiff, in the instant Motion, seeks to quiet title based upon *Bourne Valley*, the Court rejects this theory.

The Court now turns the parties' arguments concerning quiet title and wrongful foreclosure.

### B. Quiet Title/Wrongful Foreclosure

Plaintiff seeks declaratory relief on its quiet title claim and damages for wrongful foreclosure based upon the Property's grossly inadequate sales price, alleged irregularities in the foreclosure process, and HOA's failure to comply with NRS 116. (Pl.'s MSJ 2:13–3:12). Given that both claims are premised, in part, upon cognizable theories that HOA failed to comply with Chapter 116's notice provisions, the Court will treat them together.

A plea to quiet title does not require any particular elements, but "each party must plead and prove his or her own claim to the property in question" and a "plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (quoting *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)). "A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (2013) (citing *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)).

In determining the validity of an HOA foreclosure, the relevant inquiry is "whether the sale was affected by fraud, unfairness, or oppression." *Nationstar Mort., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017). "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine . . . fraud, unfairness, or oppression." *Id.* at 648. The burden of establishing that a foreclosure sale should be set aside rests with the party challenging the sale. *Id.* at 646.

Here, Plaintiff argues that the sale price was inadequate because the price represented 3.1% of the value of the loan and approximately 3.6% of the fair market value of the Property. (Pl.'s MSJ 8:15–20). In addition to inadequacy of price, Plaintiff argues that fraud, unfairness,

and oppression are evidenced by HOA's failure to provide statutory notices of the sale and HOA's representations that the sale will not extinguish the first DOT. (*Id.* 9:1–13:23).

### i. Notice to Deed of Trust Holders

Nevada law requires that statutory notices be sent to "all holders of subordinate interests, even when such persons or entities did not request notice." *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018). Compliance with NRS Chapter 116's provisions with respect to default, notice, and publication of the notice of sale is a "statutory prerequisite[] to a valid HOA lien foreclosure sale as stated in NRS 116.31162 through NRS 116.31164." *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (2016).

The Nevada Supreme Court has stated that "an HOA's failure to mail a deed of trust beneficiary the statutorily required notices," may "rise to the level of fraud, unfairness, or oppression." *Shadow Canyon*, 405 P.3d at 648 n.11 (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 418 (Nev. 2014)). Since that decision, the Nevada Supreme Court has confirmed that an HOA's failure to mail the Chapter 116 notices to parties entitled to such notice is a sufficient ground for voiding the foreclosure sale and granting summary judgment in favor of the holder of the senior deed of trust. *See, e.g.*, *Saticoy Bay LLC v. U.S. Bank, N.A.*, No. 74217, 2018 WL 5095837 (Nev. Oct. 12, 2018) (unpublished) ("[B]ecause the HOA failed to give the statutorily-required notice of the trustee's sale to Bank of America, the sale was void and title remained with respondent U.S. Bank as Bank of America's successor-in-interest."); *Rlp-Ampus Place, LLC v. U.S. Bank, N.A.*, No. 71883, 2017 WL 6597148, at *1 (Nev. Dec. 22, 2017) (affirming district court's grant of summary judgment in light of the HOA's failure to mail the notice of sale and an inadequate sales price); *see also Rios v. Ditegh Fin. LLC*, No. 70344, 2017 WL 1328371, at *1 (Nev. App. Apr. 6, 2017) ("[A]s the HOA did not mail or record a valid Notice of Delinquent Assessment Lien, we conclude that the district court correctly determined that the ensuing foreclosure sale was invalid."); *U.S. Bank N.A. v.*

*Thunder Props., Inc.*, No. 3:16-cv-00700-RCJ-CBC, 2018 WL 6092627, at *5 (D. Nev. Nov. 21, 2018); *Bank of New York Mellon v. Monaco Landscape Maint. Ass'n, Inc.*, No. 2:16-cv-1962-JCM-CWH, 2018 WL 1074486, *4–5 (D. Nev. Feb. 26, 2018).

Plaintiff asserts that HOA's trustee, A&K, failed to send its predecessor in interest, BAC Homes Loans Servicing, LP ("BAC"), the statutorily required notice of sale. (Pl.'s MSJ 9:1–11:24). Prior to addressing this, the Court first considers HOA and SFR's argument that the failure to send notices to BAC is immaterial because deficiencies in Plaintiff's chain of title establish that Plaintiff is not BAC's successor in interest. (HOA's Resp. to Pl.'s MSJ 11:24–15:18, ECF No. 73); (SFR's Resp. to Pl.'s MSJ 2:23–4:7, ECF No. 74).

SFR points out that since the time MERS assigned the DOT to BAC on January 28, 2011, BAC has not assigned or otherwise conveyed its interest to any other party. (SFR's Resp. 3:20–25). According to SFR, because the chain of title does not link Plaintiff to BAC, the assignment by which Plaintiff gained its purported interest in the DOT is without legal effect. (*Id.* 4:1–7). And because Plaintiff has no valid interest in the Property, Defendants contend that Plaintiff cannot recover based upon BAC not receiving the notice of sale. During the pendency of this litigation, however, Plaintiff filed a recorded May 29, 2018 assignment of the DOT by BAC to Plaintiff. (*See* Assignment, Ex. 1 to Request for Judicial Notice, ECF No. 83-1). Even assuming SFR and HOA are correct that Plaintiff's initial interest in the Property had no legal effect, the Court finds that the May 29, 2018 assignment nonetheless rectifies this chain of title issue.

Accordingly, the Court proceeds to whether BAC was entitled to receive the notice of sale and, if so, whether there is a factual dispute as to HOA's failure to send this notice. The evidence before the Court establishes that BAC possessed a recorded interest in the Property at the time HOA instituted the foreclosure action and that no subsequent conveyance took place until after the foreclosure sale. (*See* BAC Assignment, Ex. 3 to Pl.'s MSJ, ECF No. 66-3);

(Ocwen Assignment, Ex. 4 to Pl.'s MSJ, ECF No. 66-4); (*see also* Assignment, Ex. 1 to Request for Judicial Notice, ECF No. 83-1). Thus, pursuant to NRS 116, HOA was under a statutory obligation to mail the notice of sale to BAC. *See Shadow Wood HOA*, 366 P.3d at 1109–11.

As to the presence of a factual dispute, the evidence proffered by Plaintiff shows that A&K, HOA's agent, was on notice of BAC's interest in the Property but failed to send a notice of trustee's sale. Plaintiff puts forth copies of certified mailing receipts revealing that A&K's mailing list omits the name and address of BAC but nonetheless includes other interest holders. (*See* Notice of Trustee Sale Mailings, Ex. 13 to Pl.'s MSJ, ECF No. 66-13). A&K's 30(b)(6) designee confirmed that the notice of sale mailing list comprehensively identified all parties entitled to notice and that the list did not include BAC's name. (Alessi Dep. 37:15–25, Ex. 8 to Pl.'s MSJ, ECF No. 66-8). Plaintiff also provides a real estate listing report to establish that A&K was on notice of BAC's interest. (Real Estate Listing Report, Ex. 9 to Pl.'s MSJ, ECF No. 66-9). The report identifies BAC as a party in interest and A&K's 30(b)(6) witness acknowledged that this real estate listing report was prepared for A&K to ascertain the parties entitled to notice. (*Id.*); (Alessi Dep. 31:4–11, Ex. 8 to Pl.'s MSJ). This evidence satisfies the Court that Plaintiff has met its initial burden at summary judgment and, accordingly, the burden shifts to Defendants to establish the existence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

In their respective filings, neither HOA nor SFR put forth competing evidence showing that A&K did indeed send BAC the notice of sale. In light of there being no genuine dispute as to HOA and A&K's failure in this regard, the subsequent foreclosure on the Property was void to the extent the sale extinguished Plaintiff's DOT.

### ii. SFR's Status as a Bona Fide Purchaser

SFR argues that in the event the Court "accepts [Plaintiff's] noticing argument, SFR's [bona-fide-purchaser] status is something that must be considered and given appropriate weight in an equitable balancing." (SFR's Resp. to Pl.'s MSJ 8:12–15, 8:16–9:20). However, in Nevada, as elsewhere, "[a] party's status as a BFP is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 121 (2018), *as amended on denial of reh'g* (Nov. 13, 2018). The Nevada Supreme Court recently held that an HOA's failure to properly notice interested parties under Chapter 116 not only voids the sale, but also renders immaterial a buyer's bona-fide-purchaser defense. *See Saticoy Bay*, 2018 WL 5095837, at *1 ("[B]ecause the sale was void, the purchaser's status as a bona fide purchaser for value was inconsequential, as bona-fide-purchaser status cannot validate an otherwise void sale.") (citing Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7:21 (6th ed. 2014) ("Some defects are so substantial that they render the sale void. In this situation, neither legal nor equitable title transfers to the sale purchaser or subsequent grantees. . . . For example, a sale [is] void when . . . the [lienholder] did not give the statutorily-required notice . . . ."); *Terry L. Bell Generations Tr. v. Flathead Bank of Bigfork*, 302 P.3d 390, 393 (Mont. 2013) ("[A]n attempted sale of property which has not been properly noticed is void.")). Therefore, here, because the foreclosure sale is void due to HOA's failure to send the statutory notices, SFR cannot prevail on its bona-fide-purchaser defense.

In summary, HOA and A&K's failure to comply with the notice provisions of NRS Chapter 116 resulted in a void foreclosure sale. The Court therefore finds the most equitable remedy under the circumstances is to declare the foreclosure sale invalid insofar as it caused the extinguishment of Plaintiff's DOT. *See U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *4 (D. Nev. Sept. 29, 2017)

(examining the relative equities of an order limited to a declaration that a senior deed of trust continues to encumber property). Therefore, while the sale remains intact, Plaintiff's DOT continues to encumber the Property and SFR's interest in the Property is subject to this encumbrance. Accordingly, Plaintiff's Motion for Summary Judgment as to its quiet title and wrongful foreclosure claims against SFR and HOA, respectively, is granted. SFR and HOA's Motions for Summary Judgment are denied with respect to the quiet title and wrongful foreclosure claims.

The Court now turns to the merits of the parties' respective Motions as they pertain to Plaintiff's remaining claims.

**C. Unjust Enrichment**

HOA moves for summary judgment on Plaintiff's unjust enrichment claim on the basis that Plaintiff's Complaint is without any allegation that Plaintiff conferred a benefit upon HOA. (HOA's MSJ 5:4–9, ECF No. 68). HOA further argues that HOA assessments cannot be construed as a benefit conferred upon an HOA because such assessments are paid for services rendered. (*Id.* 5:10–13). SFR seeks summary judgment on the unjust enrichment claim arguing that the voluntary payment doctrine precludes recovery on this theory. (SFR's MSJ 14:2–12, ECF No. 67).

Plaintiff responds that subsequent to the foreclosure sale, HOA was unjustly enriched because Plaintiff continued to pay taxes, insurance, and HOA assessments, and the sale's proceeds improperly compensated HOA for the sub-priority portion of its lien on top of HOA's superpriority portion. (Pl.'s Resp. to HOA's MSJ 14:2–19, ECF No. 77). With respect to SFR, Plaintiff contends that SFR collected rental proceeds on the Property for five years and the improper HOA foreclosure sale in and of itself conferred a benefit upon SFR. (Pl.'s Resp. to SFR's MSJ 21:21–22:9, ECF No. 76).

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortg. & Equity Tr. v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981). To prevail on an unjust enrichment claim, a plaintiff must prove the following three elements: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) an acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof. *Takiguchi v. MRI Intern., Inc.*, 47 F. Supp. 3d 1100, 1119 (Nev. 2014).

Beginning with SFR, Plaintiff asserts in its Response that SFR's acquisition of the Property and subsequent collection of rental proceeds for five years constitutes a conferred benefit.[1] (Pl.'s Resp. to SFR's MSJ 21:20–22:9). Plaintiff, however, does not cite any legal authority for this proposition; nor does Plaintiff articulate how SFR's alleged collection of rent satisfies the elements of an unjust enrichment claim. (*Id.*) Specifically, Plaintiff neglects to explain how SFR's collection of rent constitutes *Plaintiff conferring a benefit* upon SFR. *Compare U.S. Bank Nat'l Ass'n v. Saticoy Bay LLC*, No. 2:16-cv-01346-JCM-CWH, 2017 WL 277494, at *4 (D. Nev. Jan. 19, 2017) (dismissing unjust enrichment claim because the buyer's alleged acquisition and usage of the property "were not benefits plaintiff conferred on defendant."), *with Presidio Adventures Dev. v. Countrywide Fin. Corp.*, No. 2:12-CV-01369-PMP, 2014 WL 1248293, at *8 (D. Nev. Mar. 26, 2014) (denying motion to dismiss unjust enrichment claim because "[t]he First Amended Complaint alleges that "*Plaintiffs made*

---

[1] Plaintiff does not to respond SFR's argument that the voluntary payment doctrine precludes recovery for payments Plaintiff made towards the Property in the form of taxes, insurance, and assessments. (*See* SFR's MSJ 14:4–12, ECF No. 67); (*see also* Am. Compl. ¶ 102, ECF No. 13). Plaintiff's opposition instead premises its unjust enrichment claim upon SFR's purchase of the Property and income derived from rental proceeds. (Pl.'s Resp. to SFR's MSJ 21:20–22:9).

*payments* on the Subject Mortgages.") (emphasis added). Nor does Plaintiff address, with either law or fact, how SFR appreciated these rental proceeds as a conferred benefit. *See Allegiant Air, LLC v. AAMG Mktg. Grp., LLC*, No. 64182, 2015 WL 6709144, at *3 (Nev. Oct. 29, 2015) ("To appreciate a benefit, the party must have knowledge of the benefit.") (citing *Dragt v. Dragt/DeTray, LLC*, 161 P.3d 473, 482 (Wash. Ct. App. 2007)). Finally, Plaintiff's opposition is deficient because there is no showing that good conscience and justice dictate that Plaintiff, as lienholder, is entitled to SFR's rental proceeds. *See Nevada Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct.*, 130 Nev. 949, 958, 338 P.3d 1250, 1256 (2014) ("While a lien creates a security interest in property, a lien right alone does not give the lienholder right and title to property."). As these authorities cast doubt on the validity of Plaintiff's unjust enrichment theory, the Court is inclined to find that Plaintiff's claim is not cognizable under Nevada law. To the extent it may find support, Plaintiff's failure to advance any substantive argument or cite any authority constitutes a waiver of this argument. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (holding a party's argument is waived where the party offered "little if any analysis to assist the court in evaluating its legal challenge"); *D.A.R.E. Am. v. Rolling Stone Magazine*, 270 F.3d 793 (9th Cir. 2001); *Yager v. Berryhill*, No. 2:16-cv-00051-GMN-VCF, 2017 WL 3495174, at *2 (D. Nev. Aug. 15, 2017), *report and recommendation adopted sub nom. Yager v. Colvin*, No. 2:16-cv-00051-GMN-VCF, 2018 WL 1731908 (D. Nev. Apr. 10, 2018).

Turning to HOA, Plaintiff's Complaint contains no substantive allegations of any benefit Plaintiff conferred upon HOA. (*See* Am. Compl. ¶¶ 99–107, ECF No. 13). Plaintiff's argument in opposition incorporates a new legal theory that HOA was unjustly enriched because Plaintiff made payments towards the Property in the form of taxes, insurance, and assessments and because HOA's proceeds from the sale impermissibly included the sub-priority portion of the HOA lien on top of the superpriority portion. (Pl.'s Resp. to HOA's MSJ 14:2–19). It is

axiomatic that a plaintiff may not introduce new "specific factual allegations . . . for the first time in [an] opposition to summary judgment." *See Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006) ("[Rule] 8(a)(2) requires that the allegations in the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

Even if these theories were pleaded however, Plaintiff fails to meet its burden supporting them at the summary-judgment stage. As to Plaintiff's alleged payments constituting a benefit conferred upon HOA, Plaintiff does not point the Court to any evidence substantiating such payments. *See JPMorgan Chase Bank, N.A. v. SFR Invs. Pool 1, LLC*, 200 F. Supp. 3d 1141, 1177 (D. Nev. 2016) ("[Plaintiff"] has produced no evidence of such payments; thus, it cannot establish the first element of its unjust enrichment claim[.]"); *see also Elizon Master Participation Tr. 1 v. Saticoy Bay LLC Series 8920 El Diablo*, No. 2:16-cv-751-JCM-VCF, 2017 WL 4185468, at *8 (D. Nev. Sept. 21, 2017). With respect to the sale allegedly compensating HOA for amounts exceeding the superpriority portion, this fails for the same reason that Plaintiff's unjust enrichment claim fails against SFR. Namely, Plaintiff does not cite any authority to satisfy the Court that the proceeds from the Property's sale constituted a benefit bestowed by Plaintiff upon HOA, that HOA appreciated such benefit, or that the proceeds, in good conscience, belongs to Plaintiff.

In short, HOA is entitled to summary judgment on Plaintiff's unjust enrichment claim because Plaintiff impermissibly advances new legal theories in its opposition and neglects to point the Court to any evidence of its alleged payments towards the Property after the foreclosure. SFR's Motion is granted on the unjust enrichment claim because Plaintiff's opposition is limited to conclusory allegations and legal theories that are unsupported by Nevada law.

### F.  Negligence and Negligence Per Se

HOA moves for summary judgment on Plaintiff's causes of action for negligence and negligence per se. (HOA's MSJ 10:12–11:12).  HOA argues that Plaintiff's prima facie case for both claims are clearly lacking as a matter of law and, regardless, HOA complied with its duties under Nevada law and pursuant to its CC&Rs. (*Id.* 10:20–11:1).  Plaintiff responds that summary judgment is inappropriate in HOA's favor because HOA breached its duty to mail the statutory notices as well as the good faith requirement under NRS 116.1113. (Pl.'s Resp. to HOA's MSJ 14:22–16:6).

Preliminarily, negligence per se is not a cause of action distinct from negligence but rather a "doctrine in which the duty and breach elements of a negligence claim are assumed as a matter of law." *Insco v. Aetna Health & Life Ins. Co.*, 673 F. Supp. 2d 1180, 1191 (D. Nev. 2009).  "A prima facie claim for negligence in Nevada, as elsewhere, consists of four elements: '(1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages.'" *Id.* (quoting *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008)).

Here, the Court is not aware of, and Plaintiff does not cite, any legal authority suggesting that an HOA's violation of duties under NRS Chapter 116 satisfies the duty and breach elements of a negligence claim.  Nor does Plaintiff put forth authority suggesting that non-statutory duties give rise to liability in this context.  As with Plaintiff's theory of unjust enrichment, Plaintiff identifies a theory of liability that is far from settled yet correspondingly fails to cite any authority or persuasively argue for its application.  The Court reminds Plaintiff that "[a] bare assertion of an issue does not preserve a claim, particularly when, as here, a host of other issues are presented for review." *D.A.R.E. Am. v. Rolling Stone Magazine*, 270 F.3d 793 (9th Cir. 2001) (citation and internal quotation marks omitted); *see also Yager*, 2017 WL 3495174, at *2 (D. Nev. Aug. 15, 2017) ("[T]he Court will only "review . . issues . . .  argued specifically and distinctly.") (quoting *Indep. Towers of Wash*, 350 F.3d at 929).

In any event, the Court finds persuasive the reasoning of another court in this District that concluded the economic loss doctrine bars a lender's negligence claim against an HOA for violations of NRS Chapter 116. *See Bank of Am., N.A. v. Operture, Inc.*, No. 2:16-cv-01692-APG-GWF, 2018 WL 3242679, at *3–5 (D. Nev. July 2, 2018). As the court explained, the economic loss doctrine applies when the damages suffered are purely economic in nature and an analysis of the doctrine's purpose and underlying policy rationale counsel in favor of its application. *Id.* at *4 (citing *Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 86 (Nev. 2009) (en banc)).

In *Operture*, as is the case here, the damages were purely economic because the lender did not seek relief for personal injury or damage to property. *Id.* The *Operture* Court then canvassed the public policy goals underpinning the economic loss doctrine, examined the remedies available for mortgage lenders to protect their interests, and discussed how imposing tort liability may disincentivize initiation of foreclosures by exposing homeowner's associations to disproportionate liability. *Id.* at *4–5. Based upon these considerations, the court concluded that "there is no need to carve out an exception to the [economic loss] doctrine in these circumstances." *Id.* at *5. This Court agrees with the *Operture* Court's analysis and finds the economic loss doctrine applies here. Indeed, Plaintiff's failure to advance any cogent argument or present competing authority leaves the Court without any compelling reason to deviate from the holding in *Operture*.

### G. Breach of Contract and Misrepresentation

HOA requests summary judgment on Plaintiff's breach of contract claim arguing the claim is not actionable because its CC&Rs do not constitute contractual provisions. (HOA's MSJ 11:16–12:1, ECF No. 68). HOA continues that even if the Court were to construe its CC&Rs as a valid contract, the CC&Rs do not contain any language providing that lenders are intended beneficiaries. (*Id.* 12:2–18). HOA also contends that Plaintiff's misrepresentation

claim fails because Plaintiff has not produced any evidence indicating its predecessor in interest relied upon HOA's representations in its CC&Rs. (*Id.* 13:5–21).

Plaintiff counters that it is a third-party beneficiary under HOA's CC&Rs because the CC&Rs evince an intent to benefit mortgage lenders. (Pl.'s Resp. to HOA's MSJ 11:24–12:17). Plaintiff points to a CC&R provision that expressly states a foreclosure sale would not extinguish a first position DOT. (*Id.* 12:16–13:18).

In Nevada, breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (1987). A breach of contract claim requires (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach. *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 200 F. Supp. 3d 1141, 1176 (D. Nev. 2016) (citing *Richardson v. Jones*, 1 Nev. 405, 409 (1865)). To prevail on a claim for fraudulent misrepresentation, a plaintiff must establish three elements: "(1) defendant made a false representation; (2) with knowledge of its falsity; and (3) with the intent to induce reliance on the misrepresentation." *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).

In *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), the Nevada Supreme Court expressly held that Chapter 116's "provisions may not be varied by agreement, and rights conferred by it may not be waived . . . [e]xcept as expressly provided" in Chapter 116. *See id.* at 419; *see also RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014). Because "[n]othing in [NRS] 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien," a mortgage protection clause does not impact NRS 116.3116(2)'s application to cases concerning a homeowners association's non-judicial foreclosure. *SFR Invs. Pool 1*, 334 P.3d at 419.

Here, Plaintiff premises its breach of contract and misrepresentation claims on language in HOA's CC&Rs stating that a foreclosure sale would not "extinguish a first position Deed of

Trust and that title to the Property is sold subject to that Deed of Trust." (Pl.'s Resp. to HOA's MSJ 13:2–4). In light of the Nevada Supreme Court's pronouncements that Chapter 116's provisions are nonwaivable, courts in this District have held that claims for breach of contract and misrepresentation may not arise from mortgagee protection clauses in an HOA's CC&Rs. *See Bank of Am., N.A. v. Operture, Inc.*, No. 2:16-cv-01692-APG-GWF, 2018 WL 3242679, at *5–6 (D. Nev. July 2, 2018) (dismissing plaintiff's claims for misrepresentation and breach of contract on the basis that "an HOA cannot waive its right to a superpriority lien."); *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1 LLC,* No. 2:16-cv-2110-JCM-VCF, 2018 WL 1077280, at *6 (D. Nev. Feb. 26, 2018) (rejecting plaintiff's claim centered upon "misrepresentations contained in the CC&Rs" and noting that "[l]anguage in the CC&Rs has no impact on the superpriority lien rights granted by NRS 116.") (citing *SFR Invs. Pool 1, LLC*, 224 P.3d at 418–19); *Christiana Trust v. Hollywood Ranch Homeowners Ass'n*, No. 2:17-cv-2441-JCM-NJK, 2018 WL 4550393, at *5 (D. Nev. Sept. 21, 2018) (holding that the "Nevada Supreme Court has held that NRS 116.3116 defeats" plaintiff's breach of contract claim premised upon a "breach of HOA's CC&Rs."). Accordingly, the Court finds that Plaintiff's breach of contract and misrepresentation claims fail as a matter of law.

### H. Plaintiff's Remaining Claims for Equitable Subrogation, Tortious Interference with Contractual Relations, and Injunctive Relief

HOA moves for summary judgment on Plaintiff's remaining claims for equitable subrogation and tortious interference with contract. (HOA's MSJ 5:19–8:6, 14:3–15:11). In Plaintiff's Response, Plaintiff fails to advance any opposition to HOA's arguments on these causes of action.

"It is a general rule that a party cannot revisit theories that it raises but abandons at summary judgment." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009). "A party abandons an issue when it has a full and fair opportunity to ventilate its views with

respect to an issue and instead chooses a position that removes the issue from the case." *See id.* ("[Plaintiff] abandoned his state law claims by not addressing them in either his Motion for Partial Summary Judgment or his Opposition to Defendants' Motion for Summary Judgment," and therefore, "[Plaintiff] waived his challenged to the district court's order."); *see also Abbit v. ING USA Annuity & Life Ins. Co.*, 252 F. Supp. 3d 999, 1008–09 (S.D. Cal. 2017) (holding that a plaintiff's failure to respond to arguments and theories raised in a defendant's motion for summary judgment warrants summary judgment "on this basis alone."). Here, by failing to respond to HOA's arguments or otherwise pointing the Court to evidence to sustain its burden, Plaintiff has abandoned its equitable subrogation and tortious interference with contract claims. HOA's Motion, as to these claims, is therefore granted.

With respect to Plaintiff's request for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for Plaintiff on is quiet title action moots this claim, and it is therefore dismissed.

///

///

///

///

///

///

///

///

///

///

///

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 66), is **GRANTED in part** and **DENIED in part**.  Plaintiff's Motion is granted as to the claims for quiet title against SFR and wrongful foreclosure against HOA.  To the extent Plaintiff moves for summary judgment on the remaining claims, the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that HOA's Motion for Summary Judgment, (ECF No. 68), is **GRANTED in part** and **DENIED in part**.  HOA's Motion with respect to Plaintiff's claims for unjust enrichment, equitable subrogation, negligence, negligence per se, breach of contract, misrepresentation, and tortious interference with contract is **GRANTED**.  HOA's Motion as to wrongful foreclosure is **DENIED**.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 67), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status report within twenty-one (21) days of this Order's issuance identifying any non-moot claims in light of this Order and how the parties intend to proceed.

**DATED** this __17__ day of December, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge