**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, as TRUSTEE of ARLP TRUST 3,<br><br>　　　　Plaintiff<br>　vs.<br><br>SFR INVESTMENTS POOL 1, LLC, *et al.*,<br><br>　　　　Defendants. | Case No.: 2:16-cv-00684-GMN-CWH<br><br>**ORDER** |

Pending before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR's") Motion for Reconsideration, (ECF No. 114), to which Preserve Homeowners Association ("HOA") filed a Joinder, (ECF No. 115). Plaintiff Christiana Trust ("Christiana Trust") filed a Response, (ECF No. 116), and SFR filed a Reply, (ECF No. 117). For the reasons discussed below, the Court **GRANTS in part** SFR's Motion for Reconsideration.

**I.　BACKGROUND**

This case arises from the non-judicial foreclosure on real property located at 479 North Sand Crane Circle, Sparks, Nevada 89436 ("Property"). (*See* Am. Compl. ¶ 1, ECF No. 13). Robert Salvador ("Borrower") purchased the Property by way of a loan in the amount of $263,112.00 secured by a deed of trust ("DOT") recorded on March 2, 2006. (*See* Deed of Trust, Ex. 2 to Pl.'s Mot. Summ. J., ECF No. 66-2). Christiana Trust eventually became a beneficiary of the DOT following an assignment from BAC Homes Loans Servicing, LP ("BAC"). (*See* Deed of Trust Assignments, Exs. 3–5 to Pl.'s MSJ, ECF Nos. 66-3, 66-4, 66-5).[1]

---

[1] During the briefing stage of the parties' motions for summary judgment, SFR pointed out that since BAC was assigned the DOT on January 28, 2011, BAC did not assign or otherwise convey its interest to any other party. During this litigation, however, Christiana Trust filed a recorded assignment of the DOT by BAC to Christiana

1     Upon Borrower's failure to pay all amounts due, HOA, through its agent Alessi &
2  Koenig, LLC ("A&K"), initiated foreclosure proceedings against the Property by recording a
3  notice of delinquent assessment lien on July 30, 2012. (*See* Notice of Lien, Ex. 7 to Pl.'s MSJ,
4  ECF No. 66-7). On December 18, 2012, A&K recorded a notice of default and election to sell,
5  and then recorded a subsequent notice of trustee's sale on July 12, 2013. (*See* Notice of Default,
6  Ex. 11 to Pl.'s MSJ, ECF No. 66-11); (Notice of Sale, Ex. 12 to Pl.'s MSJ, ECF No. 66-12).
7  A&K did not, however, mail the notice of sale to BAC as required by Nevada law. (Mot.
8  Reconsideration 4:12–14, ECF No. 114); (Order 10:5–23, ECF No. 102). The Property's
9  foreclosure sale occurred on October 24, 2013, at which SFR acquired the Property for
10 $8,300.00, and recorded its interest in the same on October 31, 2013. (*See* Trustee's Deed Upon
11 Sale, Ex. 8 to Pl's Mot. Partial Summ. J., ECF No. 59-8). On March 29, 2016, Christiana Trust
12 filed this lawsuit, mainly seeking to quiet title by securing a declaration that its DOT was not
13 extinguished by the foreclosure sale. (Compl., ECF No. 1).

14     On December 17, 2018, the Court issued its Order on the parties' motions for summary
15 judgment, which granted summary judgment in favor of Christiana Trust as to claims for quiet
16 title against SFR and wrongful foreclosure against HOA. (Order 21:2–5). The Court entered a
17 declaration that the October 24, 2013 foreclosure on the Property was void to the extent the sale
18 extinguished Christiana Trust's DOT. (*Id.* 9:21–10:23).

19     SFR now moves for reconsideration of the Court's prior Order pursuant to Federal Rule
20 of Civil Procedure 60(b)(6) in light of recent decisions issued by the Nevada Supreme Court.
21 (Mot. Reconsideration 2:15–3:20, ECF No. 114). SFR adds that even though the Court's Order
22 is currently on appeal with the Court of Appeals for the Ninth Circuit—and thus within the

---

Trust. (*See* Assignment, Ex. 1 to Request for Judicial Notice, ECF No. 83-1). The Court thus found that, even assuming SFR and HOA were correct that Christiana Trust's initial interest in the Property had no legal effect, the later assignment nonetheless rectified the chain of title issue. Thus, Christiana Trust could assert its quiet title and wrongful foreclosure claims. (Order 9:10–20, ECF No. 102).

Circuit's jurisdiction—the Court can address SFR's Motion to indicate a willingness to grant reconsideration upon remand or at least declare that the Motion raises a substantial issue worthy of further review at the district court level. (*Id.* 3:6–20).

## II. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cnty v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Moreover, Federal Rule of Civil Procedure 60(b) permits a district court to reconsider and amend a previous order, though it is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll*, 342 F.3d at 945 (internal quotations omitted). A motion for reconsideration is an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Federal Rule of Civil Procedure 62.1 allows for the Court to consider a "timely motion … made for relief that the court lacks authority to grant because of an appeal." Fed. R. Civ. P. 62.1. In making such a consideration, the Court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

## III. DISCUSSION

SFR moves for reconsideration of the Court's prior holding that the October 24, 2013 foreclosure sale is "void" insofar as it extinguished the DOT because BAC did not timely receive the notice of sale as required by Nevada Revised Statute Chapters 116 and 107. (Mot.

Reconsideration 2:17–19, ECF No. 114); (Order 10:2–23, ECF No. 102). To make this argument, SFR cites the Nevada Supreme Court's recent decision of *U.S. Bank, National Association ND v. Resources Group, LLC*, 444 P.3d 442 (Nev. 2019) ("*Resources Group II*")— decided roughly seven months after the Court's Order, (ECF No. 102). SFR first argues that *Resources Group II* constitutes intervening authority that now requires the Court to consider if BAC received *actual* notice of the foreclosure sale by alternative means, even if notice did not comply with statutory requirements.[2] (Mot. Reconsideration 2:20–3:1). SFR also argues that *Resources Group II* compels a finding that notice defects under NRS 116 and 107 would render a sale "voidable," as opposed to the Order's declaration of the sale as "void." (*Id.* 2:5–7); *see Resources Group II,* 444 P.3d at 448 (explaining that "[a] void sale, in contrast to a voidable sale, defeats the competing title of even a bona fide purchaser for value.").

At the outset, the Court agrees with SFR's position that *Resources Group II* serves as intervening authority which clarifies when a foreclosure sale under NRS 116 could be void or voidable. That is, *Resources Group II* now gives courts a clear outline of necessary considerations before declaring a foreclosure sale "void" after finding non-compliance with NRS Chapters 116 and 107's notice requirements. *Id.* at 447 (listing the following considerations: a lack of substantial compliance with NRS 116.3116 and NRS 107.090(3) before the foreclosure sale; the deed of trust holder not receiving timely, actual notice by alternative means before the foreclosure sale; and prejudice as a result). In outlining these considerations, *Resources Group II* substantially narrowed prior decisions by the Nevada Supreme Court. *Cf. id.* (rejecting an argument based on prior decisions by the Nevada Supreme

---

[2] Christiana Trust asserts that, prior to the Court's Order, unpublished decisions by the Nevada Supreme Court had considered timely notice by alternative means; and thus, *Resources Group II* is not intervening authority. (Resp. 5:6–12, ECF No. 116) (citing *LN Mgmt. LLC Series 5984 Lingering Breeze v. Bank of New York Mellon Tr. Co., N.A.*, 408 P.3d 560 (Nev. 2017) (unpublished)). SFR notes, however, that *Resources Group II* was the first published decision by the Nevada Supreme Court on this issue, thereby making actual notice by alternative means a required consideration from then on. (Reply 2:10–4:12, ECF No. 117).

Court that any statutory violation of notice procedures, by itself, automatically voids a foreclosure sale, because "[m]ore recent cases suggest a notice/prejudice rule . . . ."). And based on this new authority, the Court finds that SFR's Motion for Reconsideration raises a substantial issue about the Court's prior Order. The Court accordingly indicates its willingness, upon remand from the Circuit, to reconsider relevant evidence about actual notice and prejudice leading up to the Property's October 24, 2013 foreclosure sale as required by *Resources Group II*, as well as whether the circumstances support a declaration of the sale as "void" or "voidable."

Though the Court finds that SFR raises a substantial issue about the prior evidentiary considerations in light of *Resources Group II*, the Court declines to now take a stance on other legal issues raised in SFR's instant Motion—such as whether, under *W. Sunset 2050 Tr. v. Nationstar Mortg., LLC*, 420 P.3d 1032, 1035 (Nev. 2018), and *Resources Group II*, Christiana Trust lacks standing to argue that its predecessor in interest did not receive the notice of sale; and whether "NRS Chapter 116 sales are voidable, not void." (Mot. Reconsideration 2:7–9); (Reply 2:22–3:8, 5:1–15, ECF No. 117). The Court's position on these issues is relevant only if the Circuit decides to remand, and, more significantly, only if the Circuit finds that Christiana Trust had standing to brings its claims for quiet title and wrongful foreclosure. These legal issues are before the Circuit and may be decided soon. *See* Opening Brief for Appellant SFR Investments Pool 1, LLC at 12, *Christiana Trust v. SFR*, No. 19-15096 (9th Cir. August 2, 2019), ECF No. 15; Answering Brief for Appellee Christiana Trust at 12–14, 20–25, *Christiana Trust v. SFR*, No. 19-15096 (9th Cir. Oct 3, 2019), ECF No. 22; Reply Brief for Appellant SFR Investments Pool 1, LLC at 8, *Christiana Trust v. SFR*, No. 19-15096 (9th Cir. Dec. 26, 2019), ECF No. 33; Notice of Oral Argument, *Christiana Trust v. SFR*, No. 19-15096 (9th Cir. Aug. 2, 2019), ECF No. 36. Because the Court currently lacks jurisdiction over this matter, and to avoid unnecessary interference with the Circuit's forthcoming decision, the Court defers ruling

on the remaining legal issues raised in SFR's Motion for Reconsideration.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that SFR's Motion for Reconsideration, (ECF No. 114), is **GRANTED in part**. The Court indicates its willingness, upon remand from the Circuit, to consider relevant evidence about actual notice and prejudice leading up to the Property's October 24, 2013 foreclosure sale, as well as whether that evidence supports a declaration of the sale as "void" or "voidable."

**DATED** this __17__ day of March, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court